236

**UNITED STATES of America,**
**Appellee,**

v.

**Fernando M. CELAYA–ROMO,**
**Defendant–Appellant.**

**No. 05–3943–cr.**

United States Court of Appeals,
Second Circuit.

May 9, 2006.

Dayna Ferebee, New York, NY, for Appellant.

Josh Levine, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Anirudh Bansal, Celeste L. Koeleveld, Assistant United States Attorneys, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI Circuit Judges and RICHARD M. BERMAN, District Judge.*

---

* The Honorable Richard M. Berman, United States District Judge for the Southern District

## SUMMARY ORDER

Defendant-appellant Fernando Mendez Celaya Romo appeals from a judgment in a criminal case, signed July 7, 2005, following his plea of guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The District Court sentenced defendant principally to a term of 168 months' imprisonment, to be followed by 5 years' supervised release. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, defendant challenges the sentence imposed by the District Court, arguing that (1) the District Court's denial of defendant's application for a minor role adjustment under U.S.S.G. § 3B1.2(b) "should be reversed as a matter of law and of fact[, or] in the alternative remanded for further factual determinations," Def.'s Br. at 3; (2) the District Court "erroneously considered [defendant's] application for a [minor] role adjustment as an application for a downward departure," rather than a request for a two-point adjustment in defendant's base offense level, *id.* at 10; and (3) the District Court "failed to consider" the factors set forth in 18 U.S.C. § 3553(a) when it sentenced defendant to the bottom end of the applicable Guidelines range, instead applying an erroneous "philosophy of sentencing which is not in compliance with this Court's mandate" in *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005), *see* Def.'s Br. at 10–11.

■ As a preliminary matter, we note that we "have authority to review sentences, whether Guidelines sentences or non-Guidelines sentences, for reasonableness." *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). We conclude, however, that defendant's claim that the District Court erred in declining to grant

him a minor role adjustment is without merit. Contrary to defendant's characterization of his role in the charged drug distribution conspiracy as a "mere transporter," Def.'s Br. at 9, the record amply supports the District Court's conclusion that defendant was not in fact a "minor participant," inasmuch as he had been "entrusted with . . . a large quantity of cocaine"—specifically, fifty-six kilograms worth over $1 million—and "had engaged in similar transactions in the past," as evidenced by his agreement to deliver the drugs to a co-conspirator "where [we] always meet." *See* Sentencing Tr. at 8–9. We have emphasized before that a district court's analysis of a defendant's role in criminal activity is "highly fact-specific," *United States v. Carpenter,* 252 F.3d 230, 234 (2d Cir.2001) (internal quotation marks omitted), and in concluding here that defendant did not warrant a minor role adjustment, the District Court did not commit an error of law or otherwise rest its decision on clearly erroneous findings of fact. *See Hernandez v. New York,* 500 U.S. 352, 369, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); *see also United States v. Shonubi,* 998 F.2d 84, 90 (2d Cir.1993) (rejecting the defendant's "self-serving characterization[ ] of his role" as that of a "lowly courier"); *United States v. Garcia,* 920 F.2d 153, 155 (2d Cir.1990) (stating that "[c]ouriers are indispensable to the smuggling and delivery of drugs and their proceeds" and upholding denial of minor role adjustment where the defendant "was personally entrusted with and ultimately delivered to the undercover officer . . . cocaine worth $23,000").

Nor do we believe that the District Court committed any procedural errors in

of New York, sitting by designation.

sentencing defendant. For example, the District Court's single reference to defendant's application for a minor role adjustment as a "proposed downward *departure adjustment,*" Sentencing Tr. at 8 (emphasis added), does not demonstrate that the Court "erroneously treated [defendant's] minor role application as a downward departure," Def.'s Br. at 10, given that the record unambiguously indicates that the District Court evaluated defendant's application as a request that "his *offense level* ... be reduced by two points because he played a minor role," Sentencing Tr. at 7–8 (emphasis added). Indeed, "we entertain a strong presumption that the sentencing judge has considered all arguments properly presented to [him], unless the record clearly suggests otherwise," *Fernandez,* 443 F.3d at 29, and nothing in the record here suggests that the District Court misapprehended either the law or the nature of defendant's application. *See Walton v. Arizona,* 497 U.S. 639, 653, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990) ("Trial judges are presumed to know the law and to apply it in making their decisions."), *overruled on other grounds by Ring v. Arizona,* 536 U.S. 584, 589, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

■ Likewise, defendant's claim that the District Court gave only "cursory" consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a), *see* Def.'s Br. at 11, is without merit. We have emphasized before that "no robotic incantations are required to prove the fact of consideration, and we will not conclude that a district judge shirked [his] obligation to consider the § 3553(a) factors simply because [he] did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *Fernandez,* 443 F.3d at 30 (internal quotation marks and citations omitted). The District Court here specifically stated that "the [Guidelines] sentence of 168 months is *consistent with* Section 3553(a)[,] which directs the court to consider the nature of the offense and the characteristics of the defendant and to craft a sentence that will further the purposes of respect for the law, the deterrence of criminal conduct, and educational and other correctional treatments." Sentencing Tr. at 9 (emphasis added). Even if, as defendant argues, the District Court's immediately preceding statement that "the federal sentencing guidelines take into consideration" the § 3553(a) factors was, standing alone, to "be interpreted as a misapprehension that a Guidelines sentence should presumptively be imposed"—a determination we need not, and do not, reach here—"that phrase could not overcome the clear indication in the record that the Court was well aware of its authority to impose a non-Guidelines sentence and its duty to consider ... all [of] the ... § 3553(a) factors." *See Fernandez,* 443 F.3d at 33. Accordingly, we conclude that the District Court properly applied the procedural framework established by our Court in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), and imposed a reasonable sentence under the circumstances presented.

\*    \*    \*    \*    \*    \*

We have considered all of defendant's arguments on appeal and find each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.